William L. Schmidt, SBN 206870
Email: legal.schmidt@gmail.com
Jeffrey W. Eisinger, SBN 109299
Email: legal.schmidt.jeff@gmail.com
**WILLIAM L. SCHMIDT, ATTORNEY AT LAW, P.C.**
377 W. Fallbrook, Suite 205
Fresno, CA 93711
Tel: 559.261.2222
Facsimile: 559.436.8163
Email: legal.schmidt@gmail.com

Attorneys for Plaintiffs THE ESTATE OF
CASEMIRO CASILLAS, CHERYL CASILLAS,
ALANI CASILLAS, ROBERT VERDUZCO,
And JAMILA LINDSEY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CASIMERO CASILLAS, CHERYL CASILLAS, individually and as successor in interest to THE ESTATE OF CASIMERO CASILLAS, ALANI CASILLAS, a minor, by her Guardian Ad Litem, CHERYL CASILLAS, ROBERT VERDUZCO and JAMILA LINDSEY,<br><br>        Plaintiffs,<br><br>    v.<br><br>The CITY OF FRESNO, The FRESNO POLICE DEPARTMENT, Officer TREVOR SHIPMAN, individually, and DOES 1-30, inclusive,<br><br>        Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Unlawful Search & Excessive Force (42 U.S.C. §1983) 4th and 14th Amendments**<br><br>**2. Municipal Liability for Unconstitutional Custom, Practice or Policy, Failure to Train, and Supervisory Liability (Monell)**<br><br>**3. Battery**<br><br>**4. Negligence – Wrongful Death and Infliction of Emotional Distress**<br><br>**5. Conspiracy**<br><br>**6. Property Damage**<br><br>**7. Violation of Bane Act (Cal. Civ. Code §52.1)**<br><br>Demand for Jury Trial |

1

1

2

## **INTRODUCTION**

3

This lawsuit seeks to recover damages pursuant to the Fourth and Fourteenth

4

Amendments to the U.S. Constitution and the laws of the State of California for the shooting

5

death of Casimero Casillas by an officer of the Fresno Police Department. Due process violations,

6

an illegal search, and excessive force support Plaintiff's claims for municipal liability, battery,

7

negligence, intentional infliction of emotional distress, property damage, and violation of the

8

Bane Act.

9

10

## **JURISDICTION**

11

1. This Complaint asserts causes of action arising under the U.S. Constitution and the laws

12

of the State of California.  Pursuant to 42 U.S.C. §1983, the Plaintiffs allege causes of action for

13

an illegal search, lack of due process, the use of excessive force in violation of the Fourth and

14

Fourteenth Amendments to the U.S. Constitution, and wrongful death.   These claims, along with

15

the state law claims for negligence, negligent infliction of emotional distress, property damage,

16

violation of the Bane Act, and the intentional infliction of emotional distress, arise from a single

17

event that occurred on September 7, 2015, in Fresno County, California.

18

2. This Court has subject matter jurisdiction over the federal law claims pursuant to 28

19

U.S.C. §1331.  The state law claims derive from the same nucleus of operative facts and are part

20

of the same case or controversy under Article III of the U.S. Constitution.  The Court may

21

exercise supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C.

22

§1367.

23

24

25

## **VENUE**

26

3. The acts and omissions giving rise to the Plaintiffs' claims occurred in Fresno County,

27

within the Eastern District of California.  Venue is proper in this judicial district pursuant to 28

28

2

1  U.S. C. §1391(b).

2  **THE PARTIES**

3      4. Plaintiffs CHERYL CASILLAS and ALANI CASILLAS are the wife and daughter

4  respectively of Casimero Casillas.  Plaintiff CHERYL CASILLAS sues in her individual capacity

5  and as the successor in interest of the Estate of Casimero Casillas.  Plaintiff CHERYL

6  CASILLAS is informed and believes that no other person has a superior right to commence any

7  action or proceeding or to be substituted for the Estate of Casimero Casillas in this proceeding.

8  No proceeding is now pending in the State of California for the administration of the Estate of

9  Casimero Casillas.  Plaintiff ALANI CASILLAS sues in her individual capacity as the daughter

10  of the decedent.  Plaintiffs ROBERT VERDUZCO and JAMILA LINDSEY reside at the site of

11  the shooting of Casimero Casillas, and were extremely close, personal, friends of the decedent.

12

13      5. Defendant CITY OF FRESNO ("FRESNO") is a municipality in the State of

14  California.  Defendant FRESNO POLICE DEPARTMENT ("FPD") is a department within

15  Defendant FRESNO.

16

17      6. Defendant TREVOR SHIPMAN ("SHIPMAN") was and is employed as an officer by

18  the FPD.  SHIPMAN is being sued herein in his individual capacity.

19      7. The true names and identities of Defendants DOES 1 through 10, inclusive, are

20  presently unknown to the Plaintiffs.  The Plaintiffs allege that each of these DOE Defendants

21  were responsible for and caused the acts and injuries alleged herein.  The Plaintiffs allege that

22  these DOE Defendants were directly involved as law enforcement officers on the scene when the

23  incidents alleged herein took place and participated in the unconstitutional search and excessive

24  force inflicted upon Casimero Casillas and resulted in his fatal shooting and death, and property

25  damage at the site of the shooting.

26      8. The true names and identities of Defendants DOES 11 through 20, inclusive, are

27

28  3

presently unknown to the Plaintiffs.  The Plaintiffs allege on information and belief that each of these DOE Defendants were responsible for and caused the acts and injuries alleged herein. Plaintiffs allege on information and belief that each of these DOE Defendants were, at all times mentioned herein, employees or agents of Defendants FRESNO and/or FPD. They were responsible for the supervision, management, training, monitoring, and control of Defendant SHIPMAN and DOES 1 through 10, and acted to deprive the Plaintiffs of such supervision, management, training, monitoring, and control, thus resulting in the actions asserted herein and the damages caused.

9. The true names of Defendants 21 through 30, inclusive, are presently unknown to the Plaintiffs.  The Plaintiffs allege that each of these DOE Defendants were responsible for and caused the acts and injuries alleged herein.  The Plaintiffs allege on information and belief that each of these DOE Defendants were, at all times mentioned herein, employees or agents of Defendants FRESNO and/or FPD and that they were responsible for the promulgation and perpetuation of policies, both de facto and explicit, which resulted in the injuries sustained by the Plaintiffs.

10. The Plaintiffs are informed and believe that at all relevant times the DOE Defendants were acting under color of law, authority, customs, and usage of the Constitution and laws of the United States, the State of California and FRESNO.  The Plaintiffs are further informed and believe that at all relevant times each and every Defendant, including DOES, was the agent, servant, employee, and/or representative of each and every other Defendant and in doing the things herein complained of, was acting within the course and scope of said agency, service, employment, and/or representation, and that each and every Defendant, including DOES, is jointly and severally liable for all injuries and resulting damages incurred by the Plaintiffs.  The Plaintiffs will seek to amend this Complaint when the true names and identities of the DOE

4

Defendants is known.

## **GENERAL ALLEGATIONS**

11. The Plaintiffs repeat and reallege each allegation in paragraphs 1 through 10 of this Complaint as though fully set forth at this point.

12. On September 7, 2015, officers of Defendant FPD attempted to pull over a vehicle driven by Casimero Casillas for an alleged seatbelt violation by his adult passenger.  Instead of immediately stopping, Casimero Casillas drove the vehicle, while largely following traffic laws, to his residence at the home of his friends, Plaintiffs ROBERT VERDUZCO and JAMILA LINDSEY, located at 5590 E. Saginaw in Fresno County.  Officers of the FPD followed him to his home.  During the pursuit, officers, with lights flashing and sirens blaring, discussed and agreed to a "pit" maneuver and the laying down of spikes across the roadway. This happened despite a supervisor ordering the field officers to stand down since there had been no violation of the law to warrant such tactics. The field officers refused, even requesting a helicopter to chase a suspect only because his passenger was allegedly not wearing a seat belt.

13. Upon arrival at home, Casimero Casillas exited his vehicle, went through the garage into his residence.  The FPD was told by Plaintiff ROBERT VERDUZCO that, after the exit of his minor son, there was nobody in the home. After slight deliberation, the officers, without a warrant, entered, immediately made contact with Casimero. Officer SHIPMAN then immediately shot him several times.

14. As a result of the excessive and unreasonable force used against Casimero Casillas, he died a short time later.

15. The Plaintiffs are informed and believe that SHIPMAN used deadly force without following proper procedures.  The Defendants were under no time pressure and used objectively unreasonable and excessive amounts of force given the absence of a warrant or exigent

circumstances and the clear availability of other, less lethal, means.  Reasonable officers would not have concluded that Casimero Casillas, isolated and surrounded by law enforcement officers, posed an imminent threat of serious physical harm to any individual or himself.

## ADMINISTRATIVE PROCEEDINGS

16. Pursuant to California Government Code section 910, et seq., the Plaintiffs complied with the prerequisites of the California Tort Claims Act and timely filed claims with FRESNO. Each claim was denied.

## FIRST CAUSE OF ACTION

**42 U.S.C. § 1983 – Use of Excessive Force in Violation of the Fourth and Fourteenth Amendments**

17. The Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 16 of this Complaint as though fully set forth at this point.

18. At all relevant times herein described, the conduct of all Defendants was subject to 42 U.S.C. §1983 and Casimero Casillas had the right to be secure in his person and effects against unreasonable searches and seizures, and the unreasonable use of force.  The unconstitutional search, plus the excessive and unreasonable force used against Casimero Casillas deprived him of his right to be secure against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the U.S. Constitution and made applicable to state actors by the Fourteenth Amendment.  CHERYL CASILLAS and ALANI CASILLAS were also deprived of due process guaranteed by the Fourteenth Amendment.  Because of the excessive and unreasonable force purposefully utilized against Casimero Casillas, he suffered serious injuries resulting in death.

19. Casimero Casillas lived at the residence and was not an immediate threat to anyone at the time the Defendants decided to enter the residence without a warrant.  The defendants did not secure his permission to enter. The Plaintiffs are informed and believe that at no time prior to

Defendant SHIPMAN discharging his weapon was he or any other officer under imminent threat of serious physical injury, or incapable of neutralizing and/or effectuating the seizure of the decedent using any of a variety of readily available less-than-lethal means or strategies.  The force used by the Defendants was unnecessary, excessive, and unreasonable under the totality of the circumstances.

20. The conduct of the Defendants was willful, wanton, malicious, and done with a reckless disregard for the rights and safety of Casimero Casillas and therefore warrants the award of exemplary and punitive damages to the Plaintiffs.  Accordingly, the Defendants are liable to the Plaintiffs for compensatory, including general and special, damages, as well as punitive damages under 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

### Municipal Liability for Unconstitutional Custom, Practice or Policy, Failure to Train and Supervisory Liability

21. The Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 20 of this Complaint with the same force and effect as though fully set forth at this point.

22. As against Defendants FRESNO and FPD, the Plaintiffs allege that the acts and/or omissions alleged in this complaint are indicative of a repeated course of conduct by members of Defendant FPD tantamount to a custom, policy or repeated practice of conditioning and tacitly encouraging the abuse of authority and disregard for the constitutional rights of citizens such as Casimero Casillas and the Plaintiffs.

23. The shooting of Casimero Casillas was another link in a long chain of deadly officer-related shootings by Defendant FPD.  In 2011, a federal jury found that Defendants FPD and FRESNO had an unlawful practice, which resulted in the frequent and unjustified use of deadly force against civilians.  Per a recent front page report in the local media, a study conducted by an expert found 22 shootings over the past decade by Defendant FPD that were unjustified.

1      24. On information and belief, the Plaintiffs allege that the unconstitutional search and the

2  use of excessive, deadly force by SHIPMAN and FPD against Casimero Casillas were each found

3  to be within the policy of Defendants FRESNO and FPD.  Further, despite knowing of civil rights

4  abuses by officers of Defendant FPD, the management of both FPD and Defendant FRESNO

5  knowingly failed to remedy these systemic violations and instead promulgated policies on the use

6  of deadly force by officers that intentionally ignored the constitutional rights of residents of

7  Fresno.

8      25. On information and belief, the unconstitutional search and subsequent use of

9  excessive, deadly force by SHIPMAN was ratified by FPD supervisorial officers.

10      26. On information and belief, neither SHIPMAN nor any other officer was disciplined for

11  the unconstitutional search or the use of excessive, deadly force against Casimero Casillas.

12      27. On or about September 7, 2015, Defendants deprived Casimero Casillas and the

13  Plaintiffs of the rights and liberties secured by the Fourth and Fourteenth Amendments to the

14  United States Constitution.  In so doing, Defendants FRESNO and FPD, along with their

15  supervising and managing employees, agents, and representatives, acting with gross negligence

16  and with reckless disregard and deliberate indifference to the rights and liberties of the public in

17  general, and of Casimero Casillas and others in his class, situation, and comparable position in

18  particular, knowingly maintained, enforced, and applied an official recognized custom, policy,

19  and practice of:

20      a. Employing and retaining individuals as police officers and other personnel who

21  Defendants knew or should have known had dangerous propensities for abusing their authority

22  and for mistreating citizens;

23      b. Of inadequately supervising, training, controlling, assigning, and disciplining

24  FPD officers and other personnel who Defendants knew, or in the exercise of reasonable care

25  should have known, had the aforementioned propensities and character traits;

26      c. Of inadequate training with respect to searches and the use of deadly force;

27      d. Of maintaining grossly inadequate procedures for reporting, supervising,

28  investigating, reviewing, disciplining, and controlling the intentional misconduct of its officers;

and

    e. Of maintaining an unconstitutional policy, custom, and practice of unconstitutional searches and using excessive, deadly force which is demonstrated by inadequate training regarding these subjects.

  28. By reason of the aforementioned policies and practices of Defendants FRESNO and FPD, Casimero Casillas was shot dead.

  29. Defendants Does 10-30, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these Defendants condoned, tolerated, and through their actions and inactions thereby ratified such policies.  These Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Casimero Casillas, the Plaintiffs, and other individuals similarly situated.

  30. By perpetuating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants and Does 10-30 acted with intentional, reckless and callous disregard for the well-being of Casimero Casillas and his constitutional rights.  The actions of the Defendants and DOES 10-30 were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, and unconscionable to any person of normal sensibilities.

  31. The policies, practices, and customs implemented and maintained and still tolerated by the Defendants and DOES 10-30 were affirmatively linked to, and were an influential force behind, the death of Casimero Casillas.

  32. Accordingly, Defendants and DOES 1—30 are liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION

### Battery

  33. The Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 32 as though fully set forth at this point.

9

34. Defendant SHIPMAN, while acting within the course and scope of his duties, intentionally used excessive and unreasonable force against Casimero Casillas including, but not limited to, shooting him dead.  SHIPMAN had no legal justification for using excessive and unreasonable force against Casimero Casillas while carrying out his official duties.

35. As a direct and proximate result of Defendant SHIPMAN's conduct, Casimero Casillas experienced severe pain and suffering.  The decedent suffered gunshot wounds that caused extreme shock, pain, emotional distress and suffering.  The multiple bullet wounds resulted in a massive blood loss and eventual death.

36. In addition to the pain, suffering, and emotional distress intentionally inflicted upon Casimero Casillas before he expired, the Plaintiffs seek compensation for all of their own pain, shock, humiliation, emotional distress and financial losses.

37. Defendants FRESNO and FPD are vicariously liable for the wrongful acts of SHIPMAN pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

38. The conduct of defendant SHIPMAN was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Casimero Casillas, thereby entitling Plaintiffs to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

**FOURTH CAUSE OF ACTION**

**Negligence**

**California Civil Code of Procedure §377.60 and §377.61**

39. The Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 38 as though fully set forth at this point.

40. Each Defendant owed the decedent and the Plaintiffs a duty to use care on or about the date and time of the aforementioned incident. The Defendants negligently and recklessly breached their duty to use due care, which directly and proximately resulted in the injuries and

damages to the decedent and the Plaintiffs, as follows:

a) The negligent tactics and handling of the incident with Casimero Casillas;

b) The negligent use of deadly force against Casimero Casillas; and

c) The failure to properly train and supervise employees, including Defendant

SHIPMAN.

41. The Defendants, either individually or by and through their respective agents and employees, directly and proximately caused the death of Casimero Casillas, the husband of Plaintiff CHERYL CASILLAS, the father of Plaintiff ALANI CASILLAS, and the close personal friend of ROBERT VERDUZCO and JAMILA LINDSEY.

42. As an actual, direct, and proximate result of the Defendants' negligence which resulted in the needless and avoidable death of Casimero Casillas, the Plaintiffs have sustained the loss of the comfort, society, attention, friendship, companionship, services, and support of the decedent in an amount according to proof at trial.  In addition, Plaintiffs ROBERT VERDUZCO and JAMILA LINDSEY were forced to witness the shooting death of their close friend.  An ordinary, reasonable person would be unable to cope with the mental stress caused by these horrifying circumstances.

43.  The Plaintiffs bring this action pursuant to California Code of Civil Procedure §§377.60 and 377.61and claim damages from the Defendants for the wrongful death of Casimero Casillas and all resulting injuries.

44. Defendants FRESNO and FPD are vicariously liable for the wrongful acts of each individual Defendant pursuant to California Government Code §815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

**FIFTH CAUSE OF ACTION**

**Conspiracy**

45. The Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 44 of this Complaint as though fully set forth at this point.

11

46. The Plaintiffs allege that the Defendants conspired amongst themselves to deprive Casimero Casillas of his constitutional rights.  Specifically, in retaliation for his failure to stop for a seatbelt violation, the Defendants plotted to inflict bodily injury upon him, up to and including death, for defying their authority.   The defendants in furtherance of their conspiracy failed to disclose this plan to their supervisors and falsified investigative reports.

## SIXTH CAUSE OF ACTION

### Property Damage

47. The Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 46 as though fully set forth at this point.

48. Plaintiffs ROBERT VERDUZCO and JAMILA LINDSEY are the owners of the residence where the shooting of Casimero Casillas by the FPD took place.  Because of the unconstitutional effort to apprehend Casimero Casillas, the Defendants did physical damage to the property, which they made no effort to repair or compensate the Plaintiffs for.  This damage included, but is not limited to, a damaged door, bullet holes and blood left on their floor. Plaintiffs ROBERT VERDUZCO and JAMILA LINDSEY were left to clean up the blood of their good friend from their house, further compounding their emotional distress.

## SEVENTH CAUSE OF ACTION

### California Civil Code §52.1 – Bane Act Violation

49. The Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 48 as though fully set forth at this point.

50. Defendant SHIPMAN and others, while working for Defendants FRESNO and FPD, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Casimero Casillas to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

12

51. As a result of the violence, threats, coercion and intimidation by the Defendants, the Plaintiffs and the decedent have endured severe pain and suffering, including death, as detailed herein.  The conduct of Defendant SHIPMAN, and DOES was a substantial factor in causing the injuries and damages sustained by the Plaintiffs.

52. Defendants FRESNO and FPD are vicariously liable for the wrongful acts of Defendants SHIPMAN and DOES pursuant to §851.2 (a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

53. The conduct of Defendant SHIPMAN and others was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of the decedent and the Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

## **PRAYER**

WHEREFORE, the Plaintiffs pray that this Court enters judgment after trial by jury in their favor and against Defendants FRESNO and FPD, Defendant SHIPMAN in his individual capacity, and any identified DOE Defendants in their individual capacities, as follows:

1. For compensatory damages, including general and special damages, under federal and state law, in the amount to be proven at trial;

2. For punitive damages against in an amount to be proven at trial sufficient to punish and deter;

3. For reasonable costs and attorney's fees pursuant to 42 U.S.C. 1983, and/or any other applicable statute, regulation, ordinance, or law, whether state or federal, that provides for reasonable costs and/or attorney's fees;

4. For pre-judgment interest according to law; and

5. For such other and further relief as may be deemed just and proper by this Court.

1    Dated: July 19, 2016

2

3

4    /s/William L. Schmidt

5              William L. Schmidt,

6              Attorney for Plaintiffs

14