# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CASIMERO CASILLAS, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01042-AWI-SAB<br><br>ORDER DENYING STIPULATION TO MODIFY SCHEDULING ORDER WITHOUT PREJUDICE<br><br>(ECF No. 13) |

Plaintiffs filed this civil rights action On July 19, 2016. (ECF No. 1.) On October 4, 2016, the scheduling order issued setting the trial and pretrial deadlines in this action. (ECF No. 10.) On February 7, 2018, the parties filed a stipulation to modify the scheduling order. (ECF No. 12.) On February 14, 2014, an amended stipulation to modify the scheduling order was filed. (ECF No. 13.)

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Rule 16's good cause standard considers the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609.

Here, the parties seek to modify the scheduling order because there are a large amount of depositions to be taken and due to the trial schedules of both parties lead counsel and the availability of the witnesses and involved law enforcement officers, the parties anticipate that they will not be able to complete

-1-

the necessary discovery prior to the cut-off date of March 16, 2018. However, discovery in this action has been open since October 4, 2016, and the parties have not shown what efforts have been made to date to obtain the needed discovery during the pendency of this action. The parties should provide the dates that discovery was propounded and requests for depositions were made and held to show that they have been diligent throughout the discovery period and not recently been diligent. The district judges are extremely impacted by cases and schedules are set based upon an understanding that the parties will conduct their case consistent with the scheduling order, absent good cause. Therefore, the Court cannot find that the parties have demonstrated good cause to modify the discovery deadline in this instance. The stipulation to amend the scheduling order shall be denied without prejudice and the parties may seek amendment of the scheduling order but are required to demonstrate that they meet the good cause standard to extend the deadlines in this action which includes as showing that they have been diligent in attempting to meet the discovery deadlines.

Pursuant to 28 U.S.C. § 636(c), the parties can consent to conduct all further proceedings in this case, including trial, before United States Magistrate Judge Stanley A. Boone. The parties are informed that because of the pressing workload of United States district judges and the priority of criminal cases under the United States Constitution, they are encouraged to consent to magistrate judge jurisdiction in an effort to have their case adjudicated in a timely and cost effective manner. The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

///
///
///
///

Based on the foregoing, the stipulation to amend the scheduling order HEREBY DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **February 15, 2018**

_____
UNITED STATES MAGISTRATE JUDGE