# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CASIMERO CASILLAS et al., | CASE NO. 1:16-cv-1042-AWI-SAB |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO STAY ENFORCEMENT OF JUDGMENT AND WAIVE BOND DURING PENDENCY OF APPEAL** |
| vs. | |
| CITY OF FRESNO, FRESNO POLICE DEPARTMENT, OFFICER TREVOR SHIPMAN, and DOES 1-30, inclusive, | (Doc. No. 160) |
| Defendants. | |

A jury found the City of Fresno ("Fresno"), the Fresno Police Department and Trevor Shipman (together, "Defendants") liable for $4,750,000 in connection with a police shooting. Doc. No. 88. Appeals were filed relating to the judgment and various motions, and Defendants brought the instant motion requesting that the Court stay enforcement of the judgment and waive bond pending resolution of the appeals. Doc. No. 160. For the reasons set forth below, the Court will grant Defendants' motion for an unsecured stay without prejudice to Plaintiffs' ability to seek security for the judgment at a later date based on a change in Fresno's financial condition.

**BACKGROUND**

This case arises out of a September 7, 2015 incident in which Shipman, an officer employed at the time by the Fresno Police Department, shot and killed Casimero Casillas. Casillas's heirs ("Plaintiffs") sued Defendants, and the jury returned an award of $4,750,000 following a February 2019 trial. The Court subsequently taxed costs in the amount of $10,400, Doc. No. 147, and awarded attorneys' fees to Plaintiffs in the amount of $480,527, bringing the total award to $5,240,927, not including interest and any further awards that might arise from the pending appeals. Doc. No. 151.

Defendants filed notices of appeal on July 19, 2019, February 5, 2020 and February 24, 2020, Doc. Nos. 136, 148 & 152, and Plaintiffs filed a notice of appeal on March 20, 2020. Doc. No. 157. On May 13, 2020, Defendants brought the motion at bar to stay enforcement of judgment and waive bond during the pendency of these appeals. Doc. No. 160.

**LEGAL STANDARD**

With a few specified exceptions, Rule 62(a) of the Federal Rules of Civil Procedure provides an automatic stay of 30 days following entry of judgment. Fed.R.Civ.P. 62(a). If a decision is appealed, the party seeking to further stay proceedings to enforce a judgment may post a bond or other security, Fed.R.Civ.P. 62(b), or move for an unsecured stay. See Bolt v. Merrimack Pharm., Inc., 2005 WL 2298423, at *2, n.2 (E.D. Cal. Sept. 20, 2005) (citing Fed.R.App.P. 8(a)-(b) and Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760 (D.C. Cir. 1980)); see also, United States v. Simmons, 2002 WL 1477460, at *1 (E.D. Cal. May 14, 2002)). While parties have the right to a stay obtained by providing a bond or other approved security, an unsecured stay is reserved for "unusual circumstances" and awarded at the court's discretion. Yenidunya Investments, Ltd. v. Magnum Seeds, Inc., 2012 WL 1085535, at *2 (E.D. Cal. Mar. 30, 2012) (citing Fed. Prescription Serv., Inc., 636 F.2d at 760–61; see also, Lightfoot v. Walker, 797 F.2d 505, 506 (7th Cir. 1986) ("The district judge can in his discretion stay the execution of a judgment pending appeal without requiring a bond ….").

Courts addressing motions for bond waiver have expressed a willingness to grant such requests when: (1) "defendant's ability to pay is so plain that the cost of the bond would be a

1   waste of money" or (2) requiring a bond "would put the defendant's other creditors in undue

2   jeopardy." Olympia Equip. v. W. Union Tel. Co., 786 F.2d 794, 796 (7th Cir.1986); see also,

3   Safeco Ins. Co. of Am. v. Cty. of San Bernardino, 2007 WL 9719254, at *3 (C.D. Cal. July 27,

4   2007); Simmons, 2002 WL 1477460, at *1 (citing Dillon v. City of Chicago, 866 F.2d 902, 904–

5   05 (7th Cir.1988)). Regardless of the approach, the burden is on the moving party to demonstrate

6   the reasons for "depart[ing] from the usual requirement of a full security supersedeas bond."

7   Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190 (5th Cir.

8   1979).

9                                  **DEFENDANTS' MOTION**

10  **I.    Parties' Arguments**

11          Defendants argue in their opening memorandum that an unsecured stay on the enforcement

12  of judgment is warranted in this case because Fresno has "more than sufficient assets … to pay

13  any outstanding judgment in this case" and, thus, requiring Defendants to post an appellate bond

14  would result in a "needless expense." Doc. No. 160 at 7:4-11. Defendants assert that bonding the

15  judgment—including damages, attorney fees and costs—would run in excess of $300,000, id. at

16  6:26-7:3, and set forth declarations and exhibits showing that Fresno has a Moody's credit rating

17  of A3, Doc. No. 160 at 6:5-10; a reserve fund of $34.8 million that could be applied to financial

18  obligations arising from this litigation, id. at 6:10-13; and a $10 million excess policy through a

19  creditworthy global insurance provider —AmTrust Financial Insurance Company ("AmTrust")—

20  that will cover any amounts in excess of $3 million that Fresno may ultimately be required to pay

21  in connection with this litigation. Id. at 5:26-6:4 & 6:14-18. Defendants also assert that, taking into

22  consideration the $400,000 that Fresno has already expended on this litigation, the AmTrust

23  insurance policy will kick in after $2.6 million in additional spend, further reducing Plaintiffs' risk

24  of an uncollectible judgment. Id. at 5:26-6:4.

25          Plaintiffs argue in opposition not only that Defendants should be required to post a bond,

26  but that the amount of the bond should be set at $6,551,159 to cover the $5,240,927 that has

27  already been awarded to Plaintiffs in damages, costs and attorney fees, plus interest and any

28  attorneys' fees or costs awarded in connection with the appeal. Doc. No. 161, Part II.A.

1  Alternatively, Plaintiffs argue that both Fresno and AmTrust should be ordered to "sign a

2  stipulation that amounts owed to the Plaintiffs would not be discharged in the event the City were

3  to file bankruptcy." Id. at 4:6-17. Plaintiffs contend that a bond or stipulations are required here

4  because "in this day [and] age there is a big difference between being a secured creditor as

5  opposed to an unsecured creditor of a municipal debtor," particularly in light of the negative

6  impact the COVID-19 pandemic has had on "most major cities throughout the country." Id., Part

7  II.B. Further, Plaintiffs state that other clients represented by their counsel suffered substantial

8  loses in San Bernardino's bankruptcy in connection with unsecured judgments and cite a news

9  article projecting that the Fresno could suffer a budget deficit of as much as $90 million over the

10 next five years due to COVID-19.[1] Id.

11     On reply, Defendants argue that Plaintiffs' predictions as to the cataclysmic deterioration

12 of Fresno's financial condition are speculative and that a stipulation giving Plaintiffs priority in

13 bankruptcy proceedings "would run counter to the strong public policy" underlying federal

14 bankruptcy law to put creditors on equal footing. Doc. No. 163, Parts 2 & 3. Further, Defendants

15 contend that the Court could adequately address the possible financial impact of the COVID-19

16 pandemic on Fresno without a bond or stipulations by allowing Plaintiffs to bring a motion to

17 secure the judgment at a later date. Id. at 5:12-18.

18 **II.    Discussion**

19     Fresno has shown that it has $34.8 million in emergency reserves that can be applied to

20 obligations arising from litigation, Doc. No. 160-1 ¶ 5 & Ex. B, and a sound credit rating, id. ¶ 4 &

21 Ex. A, as well as a $10 million insurance policy with an established and creditworthy insurer that

22 limits the amount Fresno could have to pay out of its pocket in connection with this case to a total

23 of $3 million (less $400,000 that Fresno has already expended on this case). Id. ¶ 3; Doc. No. 160-

24 4. The record also shows that Fresno's exposure in this case is a small fraction of the combined

25 _____

26 [1] Defendants object to this article on the grounds that it "constitutes inadmissible hearsay, contains hearsay within hearsay, and is unauthenticated." Doc. No. 163 at 4:12-16 (citing Federal Rules of Evidence 801-803, 805 and 901).

27 The Court does not rely on the content of the article in deciding this motion and Defendants' objection is therefore OVERRULED as moot. The Court notes, however, that Defendants expressly concede that the COVID-19 pandemic

28 is creating financial uncertainty for governments, Doc. No. 163 at 5:5-17, and does take that undisputed fact into consideration in fashioning this Order.

1   total of its reserves and insurance policy. Doc. No. 160-1 ¶ 3. San Bernardino's bankruptcy has no

2   apparent bearing on Fresno's ability—as a distinct municipality—to perform its financial

3   obligations and the Court agrees with Defendants that Plaintiffs' prognostications as to the

4   economic impact of COVID-19 on Fresno's finances are too speculative to rebut Fresno's

5   convincing showing that its resources are more than sufficient to make good on the judgment in

6   this case (as well as any awards that may yet accrue in connection with the pending appeals).

7   Thus, the Court finds that "allowing an unsecured stay will not jeopardize plaintiff's recovery,"

8   Bolt v. Merrimack Pharmaceuticals, Inc., 2005 WL 2298423 at *3 (E.D. Cal. 2005), and that

9   requiring Fresno to incur fees in excess of $300,000 to post a bond would be a waste of public

10   resources. See Safeco Ins. Co. of Am. v. Cty. of San Bernardino, 2007 WL 9719254, at *2–3

11   (C.D. Cal. July 27, 2007).

12         The Court similarly declines to order stipulations purporting to give Plaintiffs priority over

13   Fresno's other creditors in bankruptcy. Plaintiffs' scant briefing does not come close to providing

14   a basis for the Court to comprehensively assess the effect, legality or feasibility of such

15   stipulations and, in any event, the Court sees no need for embarking on that murky path given the

16   remoteness of the risk that Fresno will become insolvent while the appeal in this case is pending.

17         The Court agrees with Plaintiffs, however, that the sands of municipal finances can shift

18   swiftly in times such as these and will therefore grant Defendants' motion without prejudice to

19   Plaintiffs' ability to bring a motion of their own to secure the judgment in this case at such time,

20   no less than three months from now, that a demonstrable change in Fresno's financial condition

21   warrants revisiting the question of whether Plaintiffs are entitled to additional protection against

22   the risk of an uncollectible judgment.

23                               **ORDER**

24         Accordingly, IT IS HEREBY ORDERED that:

25         1. Defendants' motion is (Doc. No. 160) is GRANTED:

26         2. Enforcement of the judgment in this action is STAYED during the pendency of the

27               Parties' appeals WITHOUT BOND and WITHOUT PREJUDICE to Plaintiffs' ability

28               to bring a motion to secure the judgment in this case at such time, no less than three

months from the date of electronic service in this Order, that a demonstrable change in Fresno's financial condition warrants revisiting the question of whether Plaintiffs are entitled to additional protection against the risk of an uncollectible judgment.

IT IS SO ORDERED.

Dated:   July 2, 2020

_____

SENIOR  DISTRICT  JUDGE