# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CASIMERO CASILLAS, et al., | Case No. 1:16-cv-01042-AWI-SAB |
| Plaintiffs, | ORDER REQUIRING PLAINTIFFS TO SUBMIT SUPPLEMENTAL BRIEFING ON PETITION FOR COMPROMISE OF MINORS' CLAIMS |
| v. | |
| CITY OF FRESNO, et al., | FOURTEEN DAY DEADLINE |
| Defendants. | |

On April 28, 2021, an unopposed ex parte petition for compromise of the claims of minors A.C. 1, S.C. A.C. 2 and C.C. and an unopposed ex parte petition for compromise of the claims of minor A.C. were filed in this action.[1] (ECF Nos. 166, 167.) The petitions addressed the compromise of the minors' claims under California Rules of Court 7.950 and 7.951. However, this is a federal claim proceeding in federal court and the California Rules of Court are not applicable.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.' " Robidoux, 638 F.3d at 1181 (quoting

---

[1] The Court identifies the minors by the numbering used in the ex parte petitions.

1   Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).

2       The Local Rules for this district provide that "[n]o claim by or against a minor . . . may

3   be settled or compromised absent an order by the Court approving the settlement or

4   compromise." L.R. 202(b). "In actions in which the minor . . . is represented by an appointed

5   representative pursuant to appropriate state law, excepting only those actions in which the United

6   States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by

7   the state court having jurisdiction over the personal representative." L.R. 202(b)(1). In all other

8   actions, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule

9   230, and must disclose, among other things, the following:

10      the age and sex of the minor or incompetent, the nature of the causes of action to
        be settled or compromised, the facts and circumstances out of which the causes of
11      action arose, including the time, place and persons involved, the manner in which
        the compromise amount or other consideration was determined, including such
12      additional information as may be required to enable the Court to determine the
        fairness of the settlement or compromise, and, if a personal injury claim, the
13      nature and extent of the injury with sufficient particularity to inform the Court
        whether the injury is temporary or permanent. If reports of physicians or other
14      similar experts have been prepared, such reports shall be provided to the Court.
        The Court may also require the filing of experts' reports when none have
15      previously been prepared or additional experts' reports if appropriate under the
        circumstances. Reports protected by an evidentiary privilege may be submitted in
16      a sealed condition to be reviewed only by the Court in camera, with notice of such
        submission to all parties.
17

18  L.R. 202(b)(2).

19      "When the minor or incompetent is represented by an attorney, it shall be disclosed to the

20  Court by whom and the terms under which the attorney was employed; whether the attorney

21  became involved in the application at the instance of the party against whom the causes of action

22  are asserted, directly or indirectly; whether the attorney stands in any relationship to that party;

23  and whether the attorney has received or expects to receive any compensation, from whom, and

24  the amount." L.R. 202(c).

25      The Court has been reviewing the briefing filed, and while some of the information

26  required under the Local Rule is provided, the briefing does not address all the areas that this

27  Court must consider in deciding whether to recommend approval of the settlement of the minors'

28  claims. Accordingly, the Court shall require Plaintiffs to provide supplemental briefing

2

1  addressing the information required under the Local Rules.  See L.R. 202(b); Hughey v.

2  Camacho, No. 2:13-CV-02665-TLN-AC, 2019 WL 1208987, at *3 (E.D. Cal. Mar. 14, 2019)

3  (Plaintiffs have met the procedural requirements of Local Rule 202(b)(2) . . . Plaintiffs have

4  identified the Minor, G.H., as a six-year-old male; and have identified the claims to be settled in

5  the pending action, all relevant background facts, and the manner in which the proposed

6  settlement was determined.").

7        Under Robidoux, the Court is also to consider if the "net amount distributed to [the]

8  minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the

9  minor's specific claim, and **recovery in similar cases.**"  Robidoux, 638 F.3d at 1181-82

10 (emphasis added).  Plaintiffs supplemental briefing must also address the recovery in similar

11 cases in sufficient detail for the Court to consider the fairness of the settlement here.

12        Finally, in this action counsel is seeking $500,000.00 in statutory attorney fees off the top

13 of the settlement and an additional forty percent of each plaintiffs' settlement amount.   In

14 essence, the attorneys here are seeking $2,060,000.00 in fees which is 46.8% of the gross

15 settlement amount.  The fee agreement in this matter allows for attorney fees of 45% of the

16 recovery in the case.  (Galipo Decl., ¶ 27.)  Plaintiffs will be required to set forth case law to

17 support any argument that the statutory attorney fees should not be considered in determining the

18 percentage of the fee award.

19        In Robidoux, the Ninth Circuit cautioned that the typical practice of applying state law

20 and local rules governing the award of attorneys' fees "places undue emphasis on the amount of

21 attorney's fees provided for in settlement, instead of focusing on the net recovery of the minor

22 plaintiffs under the proposed agreement." 638 F.3d at 1181.  District courts should thus "limit

23 the scope of their review to the question [of] whether the net amount distributed to each minor

24 plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's

25 specific claim, and recovery in similar cases." Id. at 1181-82.  However, courts have found that

26 where the attorneys' fees at issue were not a material term of the settlement agreement and the

27 amount of attorneys' fees at issue were an independent matter due to "the obligation arising from

28 the retainer agreements between Plaintiffs and their counsel," they could evaluate the request in

3

light of the special duty to safeguard the interests of the minor litigants, as well as the local rule requiring the court to fix the amount of attorneys' fees in an action involving a minor. A.G.A. v. Cty. of Riverside, No. EDCV1900077VAPSPX, 2019 WL 2871160, at *2 (C.D. Cal. Apr. 26, 2019) ("Some courts have read Robidoux to suggest it is improper to evaluate the reasonableness of attorneys' fees provisions in proposed settlement agreements of minors' claims . . . The Court declines to adopt this approach.")

Here, the Court is unlikely to find that allowing the attorney fees requested, which exceed the fee agreement percentage, would be fair to the minor plaintiffs. Plaintiffs shall be provided an opportunity to address this issue in their supplemental briefing.

Based on the foregoing, IT IS HEREBY ORDERED that within **fourteen (14) days** of the date of entry of this order, Plaintiff shall file supplemental briefing addressing the federal legal standard as discussed herein and the attorney fees sought in the petition.

IT IS SO ORDERED.

Dated:  **July 6, 2021**

UNITED STATES MAGISTRATE JUDGE

4